IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMAGE CONNECTION, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4658-M |
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE OF TEXAS, INC., and ROBIN BRADY, | § § § § | |
| Defendants. | § § | |

## RESPONSE TO SHOW CAUSE ORDER

Defendants United HealthCare Services, Inc. and UnitedHealthcare of Texas, Inc. (collectively, "United") file this response to the Court's Show Cause Order dated January 9, 2014, and state:

### I.   BACKGROUND

As set forth in United's Notice of Removal, Plaintiff seeks recovery of, among other things, insurance benefits and punitive damages under ERISA-governed employee benefit plans.  Several of the subject claims for benefits were denied outright.  Because the dispute involves benefits decisions and the right to payment under these plans, one or more of Plaintiff's claims is completely preempted by ERISA, 29 U.S.C. §1132.  *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525 (5th Cir. 2009).  United therefore removed the case to this Court on November 22, 2013, based on federal question jurisdiction.  [ECF No. 1.]

Response to Show Cause Order – Page 1

## II.    RESPONSE TO SHOW CAUSE ORDER

Because United's removal is based on federal question jurisdiction, it falls under 28 U.S.C. § 1441(a).  The procedure for removal is governed by 28 U.S.C. § 1446, which includes a requirement that "all defendants who have been properly joined *and served*" must consent or join in the removal.  28 U.S.C. § 1446(b)(2)(A) (emphasis added).

Robin Brady ("Brady") had not been served at the time of removal.  [ECF No. 1-1 at 3 (state court docket sheet noting Brady was "unserved").]  During the Rule 26(f) conference, Plaintiff's counsel confirmed that Brady still has not been served, as reflected in United's statement in the Joint Proposal and Discovery Plan.  [*See* ECF No. 10 at 2.]  Brady's consent to removal therefore was not required.  *See* 28 U.S.C. § 1446(b)(2)(A); *Jones v. Hous. Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (failure to obtain consent of party who had not been served is not a bar to federal jurisdiction); *see also Linkex, Inc. v. CH Robinson Co.,* 2011 U.S. Dist. LEXIS 40039 (N.D. Tex. Apr. 12, 2011) (denying motion to remand, in part, because service on codefendant from whom consent was initially lacking was not reflected in the state court file at the time of removal); *Waffer v. City of Garland*, No. 3:01-CV-1355-G, 2001 U.S. Dist. LEXIS 15035, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001) (consent to removal is unnecessary if official case file gives no indication that non-removing defendant has been served).

In any event, the consent requirement under § 1446 is merely procedural and can be waived.  *See Johnson v. Helmerich & Payne, Inc*., 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal petition is not a jurisdictional

defect"); *see also H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp. 2d 770, 773 (W.D. Tex. 2009); *Allstate Life Ins. Co. v. Hanson*, 200 F. Supp. 2d 1012, 1015 (E.D. Wis. 2002) (consent is a procedural requirement).  If the plaintiff fails to file a motion to remand within 30 days after removal to challenge a procedural defect in the removal process, the defect is waived.  28 U.S.C. § 1447(c); *Menendez v. Wal-Mart Stores, Inc*., 364 Fed. Appx. 62 at n. 3 (5th Cir. 2010).  United removed the case on November 22, 2013, and Plaintiff did not file a motion to remand.  Even if Brady had been served at the time of removal (which she had not), Plaintiff waived any such defect by failing to timely file a motion to remand on that ground.

## III.  CONCLUSION

Brady had not been served at the time of removal.  Her consent to removal therefore was not required.  In any event, a codefendant's failure to consent to removal is a procedural defect, which Plaintiff waived by failing to file a motion to remand within 30 days after removal.  As set forth in the Notice of Removal, the Court has federal question jurisdiction by virtue of one or more completely preempted claims under ERISA, 29 U.S.C. 1132.

Respectfully submitted,

By:   s/ Raymond E. Walker
    Andrew G. Jubinsky
    State Bar No. 11043000
    andy.jubinsky@figdav.com
    Raymond E. Walker
    State Bar No. 36366
    raymond.walker@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNITED HEALTHCARE SERVICES, INC.,
UNITEDHEALTHCARE OF TEXAS, INC.

## CERTIFICATE OF SERVICE

    I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 9th day of January 2014.

    s/ Raymond E. Walker
    Raymond E. Walker