IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMAGE CONNECTION, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4658-M |
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE OF TEXAS, INC., and ROBIN BRADY, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' AMENDED ANSWER AND ORIGINAL COUNTERCLAIM

Defendants UnitedHealthcare of Texas, Inc. ("UHCT") and United HealthCare Services, Inc. ("UHS") (collectively, "United Defendants") file their amended answer and original counterclaim to the Petition of Plaintiff Image Connection, LLC ("Image Connection"), and state:

## ANSWER

1.   Deny the allegations contained in Paragraph no. 1 inasmuch as this action has been removed to federal court and is subject to the Federal Rules of Civil Procedure.

2.   Admit, based on information and belief, the allegations contained in Paragraph no. 2.

3.   With respect to the allegations contained in Paragraph no. 3, admit UHS is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota; and state UHS has appeared herein.

4. With respect to the allegations contained in Paragraph no. 4, deny UHCT is a foreign entity; state UHCT is a Texas entity with its principal place of business in Collin County, Texas; and state UHCT has appeared herein.

5. With respect to the allegations contained in Paragraph no. 5, admit, based on information and belief, that Robin Brady ("Brady") is a resident of Dallas County, Texas; and state they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny them.

6. With respect to the allegations contained in Paragraph no. 6, admit venue is proper in this Court; and deny the remaining allegations contained therein.

7. With respect to the allegations contained in Paragraph no. 7, admit jurisdiction of this Court; and deny the remaining allegations contained therein.

8. With respect to the allegations contained in Paragraph no. 8, admit Plaintiff seeks declaratory judgment relief; and deny the remaining allegations contained therein.

9. With respect to the allegations contained in Paragraph no. 9, admit Plaintiff is not a licensed medical provider; and state they lack knowledge or information sufficient to form a belief as to if, how, or why Brady came to Plaintiff or whether Brady owes any monies to Plaintiff; and deny the remaining allegations contained therein.

10. With respect to the allegations contained in Paragraph no. 10, admit Plaintiff seeks declaratory judgment relief; and deny the remaining allegations contained therein.

11. With respect to the allegations contained in Paragraph no. 11, admit Plaintiff seeks declaratory judgment relief; and deny the remaining allegations contained therein.

12. With respect to the allegations contained in Paragraph no. 12, admit Rosalind Cieslwicz and her attorney contacted UHCT or UHS regarding a dispute over various claim denials; admit the claims were denied because, among other things, Plaintiff is not a licensed medical provider and the patient's medical care was actually rendered by other providers; and deny the remaining allegations contained therein.

13. With respect to the allegations contained in Paragraph no. 13, state they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny them.

14. Deny the allegations contained in paragraph no. 14.

15. Deny the allegations contained in Paragraph no. 15.

16. Deny the allegations contained in Paragraph no. 16.

17. Deny the allegations contained in Paragraph no. 17.

18. Deny the allegations contained in Paragraph no. 18.

19. Deny the allegations contained in Paragraph no. 19.

20. Deny all allegations not specifically admitted.

21. Deny that Plaintiff is entitled to the requested relief in the Prayer.

## AFFIRMATIVE DEFENSES

22. Plaintiff's state law claims are preempted, in whole or in part, by 29 U.S.C. §§ 1001 *et seq.* ("ERISA") or other federal law.

23. Plaintiff has failed to state a claim, in whole or in part, upon which relief can be granted.

24. United Defendants are not a proper party to the extent they did not issue, insure, administer or sponsor the underlying health plans or administer certain claims.

25. No benefits are payable because, among other things: (i) benefits are available only for Eligible Expenses; (ii) the benefit plans do not provide coverage for the services Plaintiff provides; (iii) no benefits are available based on applicable reimbursement policies adopted by the underlying health plans; (iii) alternatively, no charge may exceed the usual and customary amount and must otherwise comply with Texas law governing billed charges; (iv) in some cases, Plaintiff billed for services provided by contracted providers at rates higher than those agreed to in those providers' contracts with United Defendants; (v) no benefits are payable to a provider who waives patient responsibility(v) for any other reasons stated in the Remittance Advices, EOBs, appeals, and any decisions thereon, and/or in correspondence between Plaintiff, on one hand, and Defendants or their affiliates, on the other; (vi) patient responsibility amounts are not covered; (vii) patient co-pays, deductibles, and/or co-insurance are not reimbursed; and/or (viii) any other terms, conditions, exclusions, and limitations of the underlying health plans with respect to the claims.

26. Plaintiff's claims are barred, in whole or in part, by failure to mitigate, estoppel, unclean hands, fraud, waiver, assumption of the risk, payment, failure of consideration, illegality, laches, equitable recoupment, set off, failure to exhaust administrative remedies and/or by sovereign or governmental immunity.

27.     Plaintiff's state law claims are subject to and/or barred, in whole or in part, by Tex. Civ. Prac. & Rem. Code § 33.001, *et seq.*, namely the doctrines of contributory negligence, comparative fault and/or proportionate responsibility. Any recovery by Plaintiff must be reduced by a percentage equal to Plaintiff's percentage of responsibility or negligence in accordance with Texas law and Tex. Civ. Prac. & Rem. Code §§ 33.001, 33.003 and/or 33.012.

28.     Plaintiff's state law claims are barred, in whole or in part, under Tex. Civ. Prac. & Rem. Code § 33.001, as the percentage of Plaintiff's responsibility is greater than 50% for any damages Plaintiff seeks to recover in this suit.

29.     Plaintiff's state law claims are barred, in whole or in part, by Plaintiff's own negligence, in that Plaintiff's failure to exercise ordinary care proximately caused, produced, or contributed to, in whole or in part, the alleged injuries and damages.

30.     Plaintiff's state law claims are barred, in whole or in part, as Plaintiff's alleged damages, if any, were proximately caused by an intervening or superseding cause, including, but not limited to, the conduct of a party other than United Defendants.

31.     Plaintiff's state law claims are barred, in whole or in part, by the absence of reasonable or justified reliance.

32.     Plaintiff's state law claims are barred, in whole or in part, because an award of punitive or exemplary damages against United Defendants based on the conduct alleged in the Petition would violate the equal protection clause and due process clause under the Fifth and Fourteenth Amendments to the United States Constitution and are further barred, in whole or in part, by Tex. Civ. Prac. & Rem. Code § 41.001, *et seq.*, and

under art. 1, §§ 3, 13, 15, and 19 of the Texas Constitution. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-85 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 416-29 (2003).

33. Alternatively, every act or statement done or made by Defendants and their officers and employees with reference to Plaintiff, if any, was a good faith assertion of United Defendants' rights and, therefore, was privileged and/or justified.

34. Alternatively, Plaintiff's recovery, if any, is barred or limited by Tex. Ins. Code § 541.453.

## COUNTERCLAIM

35. Plaintiff is before the Court for all purposes; therefore, service of citation is not necessary at this time. On information and belief, Plaintiff is an entity formed under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas.

36. The Court has jurisdiction and venue over Defendants' counterclaims. Some or all of the claims arise out of the same transactions, occurrences, and/or series of transactions or occurrences asserted by Plaintiff against Defendants. All conditions precedent to the filing of this Counterclaim have been met, excused, or would be futile.

**A.     Factual Background**

37. Defendants' counterclaim generally concerns (i) Plaintiff's scheme of disguising itself as a licensed medical provider, which it is not; (ii) Plaintiff's business of steering patients to licensed medical providers in exchange for various forms of

remuneration and benefits; (iii) Plaintiff's practice of informing patients that deductibles or copayments under their health plans may be waived, are not applicable, or are not required; (iv) Plaintiff's unreasonable billed charges; (v) Plaintiff's misrepresentations on its claim forms that it is the servicing provider; and (vi) payments made to Plaintiff in error as a result of the foregoing and related practices.

38. Rosalind Cieslewicz ("Cieslewicz") is the principal and owner, directly or indirectly, of Plaintiff. Neither Plaintiff nor Cieslewicz is a licensed health care provider in the State of Texas.

39. Plaintiff routinely accepts remuneration or benefits from licensed health care providers for steering patients who need certain diagnostic, imaging and related medical services to them.

40. Under the guise of a scheduling service, Plaintiff markets itself to physicians ("Referring Physicians") who refer their patients for scheduling of imaging, diagnostic and related medical services. This gives Plaintiff a stream of patients it can then steer to licensed medical providers who provide those services ("Service Providers").

41. To disguise the consideration passing between Plaintiff and Service Providers, Plaintiff has entered one or more contracts with them ("Service Contracts"). Under these Service Contracts, Plaintiff ostensibly leases equipment and services of Service Providers and then re-sells them to patients.

42. On information and belief, Plaintiff also misrepresents to patients, either affirmatively or by omission, that it is entitled to practice medicine, directly or indirectly,

**Defendants' Amended Answer and Original Counterclaim - Page 7**

in the State of Texas. For example, Plaintiff does not disclose to the patient its relationship with the Service Provider, that Plaintiff purports to be "providing" the medical services, or that it will charge for those services, rather than the Service Provider. In addition, Plaintiff later bills the patient's health plans and/or the patients, which gives an indication that Plaintiff is entitled to practice medicine in Texas, when it is not. These misrepresentations and omissions violate Texas law, including without limitation, Tex. Occ. Code § 165.156. Plaintiff's attempt to garner a fee, without a license, for services rendered by a licensed medical professional, also violates Texas law. Tex. Occ. Code § 155.001.

43. Plaintiff does not initially bill the patients; rather, it prepares a standard claim form and submits the claim form to the patients' health plans (or the plans' administrators). Through these claim forms, Plaintiff seeks reimbursement for services purportedly provided by Plaintiff. However, Plaintiff did not (and under Texas law cannot) render the services.

44. Significantly, some health plans include benefits for in-network contracted providers (who have pre-negotiated rates) and out-of-network providers (who do not). These plans have a deductible for in-network services, which the patient must pay before the plan pays benefits for covered expenses. They also have a separate out-of-network deductible—which is higher than the in-network deductible—that the patient must pay before the plan pays benefits for covered expenses.

45. Similarly, the level of benefits for in-network care is typically higher than the out-of-network level of benefits; this level of benefits is often referred to as the "co-

insurance" amount. For example, an in-network coinsurance amount may provide for plan benefits of 80% of covered expenses after meeting the plan's in-network deductible, leaving the patient responsible for the patient's 20% share. In contrast, the same plan may pay only 50% of the covered out-of-network expenses after meeting the applicable deductible, leaving the balance as patient responsibility.

46. Plaintiff routinely billed patients as if it were an in-network provider; and then billed the health plans as an out-of-network provider, though the Service Providers were in-network providers of UHCT. Among other things, this practice directly interferes with the cost-sharing mechanisms in the patients' health plans, which are integral to their design and underwriting, damaging United Defendants and/or the health plans they are charged with administering.

47. Licensed physicians are prohibited from representing that health care insurance deductibles or copayments may be waived, are not applicable, or are not required. Plaintiff misrepresented to patients that they were not required to pay out-of-network deductibles or co-insurance amounts. Providers are also prohibited from representing to patients that benefits under a health plan will constitute payment in full when deductibles or copayments are required. 22 Tex. Admin. Code § 164.3.

48. Beginning in mid-2012, Plaintiff began submitting claims for reimbursement to UHCT and/or UHS under patients' health plans.

49. Plaintiff listed itself on the claim forms as the "provider" who rendered the services for which reimbursement was being sought and also indicated that Plaintiff had an assignment to benefits under the patient's health plan. These affirmative statements

were false at the time they were made, were deceptive, and/or were false and/or misleading by omission. Plaintiff also failed to disclose that it did not have a license and was not the actual provider who rendered medical services to the patient.

50. Plaintiff's misrepresentations and omissions caused United Defendants to pay Plaintiff on claims that should not have been paid.

51. In addition, Plaintiff did not disclose the identity of the Service Providers to UHCT or UHS. Many of them were in-network, contracted physicians, medical groups, and/or facilities, all of which agreed to accept discounted rates. Plaintiff's misrepresentations and omissions thus caused Defendants to apply benefits under the patients' health plans contrary to their terms and (among other things) without the benefit of the contracted discounts, directly causing overpayments.

52. In addition, the billed charges for which Plaintiff sought reimbursement violate Tex. Health & Safety Code § 311.0025 and/or Tex. Occ. Code § 105.001.

53. For instance, at least three of Plaintiff's claims that resulted in improper payment or application of benefits as a result of Plaintiff's misrepresentations and omissions were under health insurance policies issued by UHCT or one of its affiliates, including but not limited to the following claims: *******36601, *******85401, *******98301 for dates of service ranging from October 4, 2012 to January 8, 2013.

54. Other claims submitted by Plaintiff improperly resulting in payment include, but are not limited to, the following: *******21201, *******21101, *******59801, *******59701, *******80601, and *******71501, with dates of service ranging from July 2, 2012 to October 16, 2012.

55. To date, Plaintiff has been paid at least $21,873.27 on claims to which it was not entitled to payment and/or was overpaid as a result of, among other things, being improperly submitted as out-of-network services.

### B. Declaratory Judgment

56. Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

57. United Defendants request the Court grant declaratory judgment relief pursuant to 28 U.S.C. § 2201, or alternatively, Tex. Civ. Prac. & Rem. Code § 37.001, *et seq.*, to declare the rights and obligations of the parties with respect to the submission and payment of claims by Plaintiff. United Defendants seek declaratory relief that Plaintiff cannot bill and collect payment for services rendered by other providers and/or for services for which Plaintiff does not have a license to provide. In addition, United Defendants seek declaratory relief that Plaintiff is not entitled to reimbursement on claims that violate Tex. Health & Safety Code § 311.0025 and/or Tex. Occ. Code § 105.001.

58. United Defendants also seek their reasonable attorney's fees and costs under state or federal law, for which they now sue.

### C. Common Law Fraud/Fraudulent Nondisclosures

59. United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

60. Plaintiff is liable for common law fraud. Plaintiff repeatedly made material misrepresentations on claim forms submitted to one or both United Defendants regarding Plaintiff's licensure status and that Plaintiff was entitled to and did provide the services for which reimbursement was being sought and/or omitted that the charges did not reflect the true charges to the patient. At the time of these misrepresentations, Plaintiff knew they were false or made them without regard to their truth or falsity. Further, these misrepresentations were made with the intention that United Defendants act upon them, and United Defendants relied on them to their detriment by paying claims that they would not have paid if they had known the true facts. Plaintiff's misrepresentations, on which United Defendants relied, were the direct and proximate cause of damages, for which United Defendants now sue.

61. In addition, Plaintiff is liable for fraudulent nondisclosure. Plaintiff purposefully concealed from and/or failed to disclose facts to United Defendants concerning who provided the services listed on its claim forms and Plaintiff's lack of licensure. Plaintiff owed a duty to disclose these material facts and knew that United Defendants were unaware of them and/or did not have an equal opportunity to discover them. By failing to disclose these material facts, Plaintiff intended United Defendants to pay Plaintiff fees for services provided to insureds and/or members of health care plans, which United Defendants would not have paid had Plaintiff properly disclosed the fact that the services were not provided by Plaintiff and/or that Plaintiff was not a licensed provider. United Defendants relied on Plaintiff's nondisclosure and information on claim forms submitted by Plaintiff and, as a result, suffered damages, for which they now sue.

62. United Defendants also seek to recover their actual damages, consequential damages, incidental damages, and costs incurred caused from Plaintiff's actions.

### D. <u>Negligent Misrepresentation</u>

63. United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

64. In addition, or in the alternative, Plaintiff is liable for negligent misrepresentation. Plaintiff made material misrepresentations, as set forth above. These misrepresentations were made in the course of Plaintiff's business in which Plaintiff had a pecuniary interest. Plaintiff supplied false information for the guidance of United Defendants in their business. Plaintiff failed to exercise reasonable care or competence in communicating this information. As a direct and proximate result of these negligent misrepresentations, United Defendants have suffered damages, for which they now sue.

65. United Defendants also seek to recover their actual damages, consequential damages, incidental damages, and costs incurred from Plaintiff's actions.

### E. <u>Money Had and Received</u>

66. United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

67. In addition, or in the alternative, United Defendants have made payments to Plaintiff to which Plaintiff was not entitled and/or for charges that violate Texas law, as set forth above. United Defendants paid these amounts based on Plaintiff's conduct and/or misrepresentation, as set forth above. These amounts should be returned to United

Defendants in equity and good conscience under state law and/or federal law. Accordingly, United Defendants seek from Plaintiff the return of money had and received, for which they now sue.

**F.    Unjust Enrichment / Restitution**

68.    United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

69.    In addition, or in the alternative, Plaintiff is liable for restitution under the principle of unjust enrichment. Allowing Plaintiff to retain fees to which it was not entitled and/or obtained in violation of Texas law, as set forth above, would unjustly enrich Plaintiff. These amounts should be returned to United Defendants under state or federal law.

70.    Defendants seek to recover the amounts Plaintiff wrongfully obtained and all other remedies provided by state or federal law.

**G.    Civil Conspiracy**

71.    United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

72.    Plaintiff aided, abetted, and conspired with Service Providers to defraud one or more United Defendants and/or otherwise accomplish an illegal purpose or a legal purpose by illegal means, as set forth above. As a consequence, Plaintiff's wrongful conduct has damaged United Defendants, for which United Defendants now sue.

**H.**     **Exemplary Damages**

73.    United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

74.    Plaintiff's conduct was fraudulent, malicious, and grossly negligent and resulted in harm to United Defendants. As a consequence, United Defendants are entitled to recover exemplary damages from Plaintiff, for which they now sue.

**I.**     **Equitable Relief (ERISA)**

75.    United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

76.    In addition, or in the alternative, only to the extent this dispute involves the exercise of United Defendants' discretion under the terms of ERISA and employer health benefit plans governed thereby, United Defendants are ERISA fiduciaries.

77.    To the extent that Plaintiff's entitlement to be paid arose or arises pursuant to United Defendants' plan members' assignments to them, Plaintiff stands in the shoes of ERISA beneficiaries.

78.    Plaintiff has actual or constructive possession and control over specifically identifiable funds that belong in good conscience to United Defendants or the ERISA plans at issue in this suit, namely all amounts paid to Plaintiff on claims under such plans.

79.    As authorized by 29 U.S.C. 1132(a)(3), United Defendants therefore seek against Plaintiff all relief that was typically available in equity, for which they now sue.

80. Without limitation, United Defendants likewise seek (i) a constructive trust over facility fees and the fees set forth above that Plaintiff improperly demanded and received, (ii) an order permanently enjoining Plaintiff from disposing of or transferring any of the funds still in its possession and control, and (iii) an order requiring the return of such funds and a tracing of any portion of the funds no longer in Plaintiff's possession or control.

### J.     Tortious Interference

81. United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

82. One or more United Defendants had valid contracts with their insureds and/or the Service Providers. Plaintiff willfully and intentionally interfered with those contracts, including but not limited to, by setting aside the patients' responsibility, in whole or part, that were required under those contracts; and that interference proximately caused damages to United Defendants, for which they now sue.

### K.     Attorney's Fees

83. United Defendants reallege and incorporate by reference the forgoing paragraphs of the Counterclaim, as if fully set forth herein.

84. In addition and in the alternative, United Defendants seek to recover their reasonable and necessary attorneys' fees and costs incurred in connection with prosecuting this action under, without limitation, applicable state and/or federal law,

including but not limited to 29 U.S.C. 1132(g)(1), Tex. Ins. Code § 541.153, Tex. Civ. Prac. & Rem. Code 37.001, and as otherwise set forth above.

## **RELIEF REQUESTED**

85. United Defendants respectfully request the following relief:

   a. that Plaintiff take nothing by reason of its suit;

   b. that United Defendants be awarded damages and/or recoupment of overpayments made the subject of the counterclaim, pre- and post-judgment interest to the extent permitted by applicable law, and attorney's fees;

   c. that United Defendants otherwise be awarded their attorneys' fees under ERISA;

   d. that United Defendants be dismissed with their costs; and

   e. that United Defendants have such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Dated: June 5, 2014            Respectfully submitted,

           By: /s/ Raymond E. Walker
                Andrew G. Jubinsky
                Texas Bar No. 11043000
                andy.jubinsky@figdav.com
                Raymond E. Walker
                Texas Bar No. 24037663
                ray.walker@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS
UNITED HEALTHCARE SERVICES, INC. AND
UNITEDHEALTHCARE OF TEXAS, INC.

## CERTIFICATE OF SERVICE

    I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 5th day of June 2014.

                         /s/ Raymond E. Walker
                         Raymond E. Walker